# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NATHANIEL WHALEY,

        Plaintiff,

    -vs-                                     Case No.   05-C-898

PETE ERICKSON,
CAPTAIN LAURENT,
SGT. LOFFTENBERG,
J. HERTEL,
NURSE JANE DOE, and
SGT. CAMPBELL,

        Defendants.

## DECISION AND ORDER

Plaintiff Nathaniel Whaley, a state prisoner at all times relevant, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He is proceeding *in forma pauperis* on Eighth Amendment medical care and failure to protect claims. This order addresses the following motions: (1) the plaintiff's motion to appoint counsel; (2) the plaintiff's motion for order; (3) the plaintiff's motion to appoint an officer to take the defendants' depositions; and (4) the plaintiff's motion to compel.

As a preliminary matter, the court has been provided with additional information concerning the identities of several defendants. Captain Laurent has been identified as Laurie L. Laurent. (*See* Affidavit of Laurie L. Laurent). Sgt. Lofftenberg has

been identified as Wayne J. Laufenberg. (*See* Affidavit of Wayne J. Laufenberg). J. Hertel has been identified as Jeananne Greenwood. (*See* Affidavit of Jeananne (Hertel) Greenwood). Sgt. Campbell has been identified as Thomas J. Campbell. (*See* Affidavit of Thomas J. Campbell).

**A.    Plaintiff's Motion to Appoint Counsel**

On August 14, 2006, the plaintiff filed a motion for appointment of counsel. As grounds for his request, the plaintiff states: (1) he has no formal legal training; (2) his claims are meritorious; (3) he cannot conduct investigation while incarcerated; (4) cross-examination is necessary because the facts are in dispute; and (5) the legal issues in this case are complex. (Pl.s' Mot. to Appoint at 1-5). Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982). And while the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. *Id*. at 1073. If plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id*.

In the present case, the plaintiff has satisfied the threshold inquiry and provided evidence that he has attempted to obtain legal counsel on his own. Specifically, he has submitted correspondence from two law firms that have declined to represent him in this

2

matter. The court's inquiry, however, does not end here. Once the plaintiff has shown that he has made reasonable efforts to secure counsel, the court, in exercising its discretion, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

The issues in this case appear at this stage to be straightforward and uncomplicated. The plaintiff is proceeding on two narrow Eighth Amendment claims. Further, the plaintiff's filings thus far indicate that he is more than capable of litigating this case himself. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Thus, the plaintiff's motion for appointment of counsel will be denied without prejudice.

**B.   Plaintiff's Motion For Order**

On September 25, 2006, the plaintiff filed a motion for a physical examination pursuant to Fed.R.Civ.P. 35, which provides:

> (a) Order for Examination. When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

3

Fed.R.Civ.P. 35(a).

To obtain a Rule 35 examination, a party seeking such examination must show that each condition for which the examination is sought is "genuinely in controversy" and that "good cause exists for ordering the examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964); *see also Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (Rule 35 motion is not properly used to obtain medical care or to complain of deliberate indifference to a prisoner's serious medical needs). Such showings are not met by mere conclusory allegations of the pleadings or by mere relevance to the case. *Schlagenhauf*, 379 U.S. at 118-19. Rather, an affirmative showing by the movant of the factors specified by Rule 35 is required. *Id*. "Mental and physical examinations are only to be ordered upon a discriminating application . . . of the limitation prescribed by the Rule." *Id*. at 121.

At the outset, the court notes that nothing in Rule 35 appears to authorize a party to file a motion for his own physical examination, the obvious assumption being that an individual does not need a court order if he desires to have himself examined. Regardless, the plaintiff's motion must be denied for several other reasons.

First, the plaintiff asks to be examined by a burn specialist to determine the full extent of his injuries. (Pl.'s Mot. for Order at 1). In support of his request, the plaintiff asserts that Dr. Heidorn (who is not a named defendant) diagnosed him with first and second degree burns, although medical literature and the plaintiff's present condition indicate that the plaintiff actually suffered third degree burns. *Id*. However, the plaintiff has not provided the

4

court with copies of Dr. Heidorn's records. Thus, Heidorn's actual diagnosis of the plaintiff is, at this point, unknown. Consequently, the plaintiff has failed to make the requisite showing that "each condition for which the examination is sought is genuinely in controversy." *See Schlagenhauf*, 379 U.S. at 118-19.

Additionally, it appears that the plaintiff seeks a Rule 35 examination to provide him with an expert medical witness at the court's expense. That is, the plaintiff desires an independent medical examination to assist him in answering the following questions:

> 1.  What were the proper treatment measures for Whaley's injuries?
>
> 2.  Was the treatment measures of the defendant's (sic) the proper method?
>
> 3.  Is the permanent scarring on Whaley's right should[er] the result of a third degree burn?
>
> 4.  Is the discoloration of Whaley's chest, stomach, leg and face the cause of improperly treated second degree burns?
>
> 5.  Is the fact that Whaley was burned at 2:30am and did not receive medical treatment until 8:00am a factor in the discoloration and reddened scares (sic) of Whaley's chest, stomach, leg and face areas.
>
> 6.  The current medical analysis of Whaley's injuries by Dr. Richard Heidorn does not provide any reason for the permanent scarring on Whaley's shoulder and the discoloration and reddened areas of Whaley['s] chest, stomach, leg and fact or whether Whaley's injuries were effected by delay in treatment or what treatment methods were or are still required for Whaley's injuries.

5

*Id*. at 3-4.

However, the court is not obligated to subsidize the plaintiff's litigation by paying for him to present expert witness testimony, even though he is proceeding *in forma pauperis*. *See, e.g., McNeil v Lowery*, 831 F.2d 1368, 1373 (7th Cir. 1987)("A litigant's constitutional right of access to the courts does not include a waiver of witness fees so that an indigent plaintiff can present his case fully to the court."). Thus, the plaintiff's Rule 35 motion will be denied.

## C. Plaintiff's Motion to Appoint

On November 13, 2006, the plaintiff filed a motion to appoint an officer to take the defendants' depositions. Rule 31 of the Federal Rules of Civil Procedure provides, in pertinent part,

> (1) A party may take the testimony of any person, including a party, by deposition upon written questions without leave of court except as provided in paragraph (2).
>
> \*\*\*
>
> (3) A party desiring to take a deposition upon written questions shall serve them upon every other party with a notice stating (1) the name and address of the person who is to answer them, if known, and if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs, and (2) the name or descriptive title and address of the officer before whom the deposition is to be taken.

Fed.R.Civ.P. 31(a)(1) and (3).

6

On September 14, 2006, the plaintiff served upon the defendants written depositions. The defendants refused to respond to the plaintiff's written questions because he did not arrange for an officer to take the depositions. (D.'s Response to Pl.'s Disposition Upon Written Questions Pursuant to Fed.R.Civ.P. 31 at 2). Then, the plaintiff petitioned the court to appoint an officer to depose the defendants.

Arranging for an officer to meet with the defendants and conduct numerous depositions would involve considerable expense and time. As noted, the court is not obligated to finance the plaintiff's litigation. *See McNeil,* 831 F.2d at 1373. Furthermore, there is no indication that the plaintiff cannot obtain the information he seeks through the use of interrogatories under Fed.R.Civ.P. 33. Therefore, the plaintiff's motion to appoint an officer to depose the defendants will be denied.

However, inasmuch as the plaintiff has been unsuccessful in his attempts to obtain discovery from the defendants, he will be granted a one month extension of discovery. Thus, the parties are hereby advised that an amended scheduling order is forthcoming.

**D.  Plaintiff's Motion to Compel**

On November 13, 2006, the plaintiff filed a motion to compel the defendants to respond to his requests for production of documents. Although Fed. R. Civ P. 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party

7

must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." *Id*.

On August 31 and September 14, 2006, the plaintiff propounded requests for production of documents. The defendants responded to the plaintiff's requests on September 26, 2006. On November 13, 2006, the plaintiff filed the motion to compel. There is no indication that after receiving the defendants' September 26, 2006, response the plaintiff attempted to consult with the defendants to resolve their dispute. Thus, at this stage of the proceedings, court action would be premature. Consequently, the plaintiff's motion to compel will be denied.

As a final matter, there is pending the defendants' November 30, 2006, motion for summary judgment. Pursuant to Civil L.R. 7.1 (E.D. Wis.), the plaintiff's response to the defendants' motion is due on or before December 30, 2006. However, because the court has granted a one month extension of discovery in this action, the plaintiff shall be allowed additional time in which to file a response to the defendants' motion. The plaintiff is hereby advised that he must file a response to the defendants' motion for summary judgment on or before **February 8, 2007.** The plaintiff is also advised that, if he fails to file any response

8

to defendants' motion by **February 8, 2007,** this action may be dismissed for lack of prosecution, pursuant to Civil L.R. 41.3 (E.D. Wis.) and Fed. R. Civ. P. 41(b) (copies enclosed).

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to appoint counsel (Doc. #21) is **denied.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for order (Doc. # 29) is **denied.**

**IT IS ALSO ORDERED** that the plaintiff's motion to appoint an officer to take the defendants' deposition (Doc. # 37) is **denied.**

**IT IS ORDERED** that the plaintiff's motion to compel (Doc. # 38) is **denied.**

**IT IS ORDERED** that the plaintiff must file a response to the defendants' motion for summary judgment on or before **February 8, 2007.** The plaintiff is also advised that, if he fails to file any response to defendants' motion by **February 8, 2007,** this action may be dismissed for lack of prosecution, pursuant to Civil L.R. 41.3 (E.D. Wis.) and Fed. R. Civ. P. 41(b).

Dated at Milwaukee, Wisconsin, this 11th day of December, 2006.

**SO ORDERED,**

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**

9

**Civil L.R. 41.3**

> **Dismissal for Lack of Diligence.**
>
> Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.

**Fed. R. Civ. P. 41(b)**

> **Involuntary Dismissal: Effect Thereof.**
>
> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.